UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 05-65863-fra13 |
| WAYNE D. WILLIAMS and | ) |
| ANTOINETTE M. WILLIAMS, | ) |
| | ) MEMORANDUM OPINION |
| Debtors. | ) |

This matter comes before the Court on the Debtors' application for an order confirming their proposed plan of reorganization pursuant to Chapter 13 of the Bankruptcy Code. The Court has determined that the Debtors have not sustained their burden of proof with respect to confirmation, and orders that confirmation be denied, without prejudice.

I. BACKGROUND

According to documents filed with the Court by the Debtors and colloquy at the confirmation hearing, Debtor Wayne D. Williams does business as a "consultant" who assists people seeking to develop real property. He asserts that he does not perform actual hands-on construction work, and that he charges less than $500 for each project undertaken. He does business under the name of "Wayne D. Williams, Land

Page 1 - MEMORANDUM OPINION

Subdivision and Land Development." Former businesses include Williams Construction, apparently a sole proprietorship, and DevCo, Inc., a corporation.

Exhibit D-2 to the petition, the Debtors' "financial review of non-farming business," projects annual net income of $31,953, on gross sales or receipts of $61,000. Debtors' statement of financial affairs shows earnings of $14,000 in 2004, and $18,920 in 2005 through July 15, 2005. The Trustee objected to confirmation on the grounds that the Debtors have failed to make plan payments, and had failed to provide the Trustee with information required to analyze Mr. Williams's business prospects. At the confirmation hearing on October 20, 2005, the Debtors were given 10 days within which to bring plan payments current, and an additional opportunity to gather the business information required by the Trustee. A second confirmation hearing was held on November 17, 2005. The Trustee opposed confirmation, asserting that the information contained in the Debtors' Exhibit D-2 and statement of affairs, and bank statements provided to the Trustee (but not placed in evidence) were inconsistent. In addition, the Trustee takes the position that the Debtor is required to obtain a license to operate his business from the Oregon Construction Contractors Board, but has failed to do so. Mr. Williams, for his part, insists that he is not required to obtain a contractor's license.

## II. DISCUSSION

### A. *Feasibility Requirement*

A debtor has the burden of proving that a proposed plan satisfies the statutory requirements for confirmation contained in 11

Page 2 - MEMORANDUM OPINION

U.S.C. § 1325. In re Ho, 274 B.R. 867, 883 (9th Cir. BAP 2002). A business operating in bankruptcy must comply with state and local laws and regulations, unless enforcement of those laws and regulations is preempted by the Bankruptcy Code. See In re Baker & Drake, Inc., 35 F.3d 1348, 1353-55 (9th Cir. 1994). Section 1325(a)(6) requires a showing that "the debtor will be able to make all payments under the plan and to comply with the plan." If the debtor's ability to make payments is dependent on a trade or business which requires a license, the debtor must establish that he has, or at the very least qualifies for, the required license. The Court will not confirm a plan based on income from a business operating in violation of applicable business regulations. In the absence of a license, the Court may decline to approve the plan, or approve a plan which requires acquisition of the required license within a reasonable period of time.

B. *Contractors Licensing in Oregon*

Oregon law regarding the regulation of construction contractors is contained in ORS Chapter 701. Specifically, any person who qualifies as a "builder" under the statute, and who is not subject to described exemptions, is required to obtain a license from the Oregon Construction Contractors Board. Licensees are required to pay an annual fee of $260, maintain insurance, and a bond, usually in the sum of $15,000.

A "builder" subject to the statute is defined by ORS 701.005(2) as a "person who, in the pursuit of an independent business, undertakes or submits a bid, to construct, alter, repair, improve, remove or demolish a structure or to perform *any* work in connection with the construction, alteration, repair, improvement, removing or demolition of

Page 3 - MEMORANDUM OPINION

a structure." [Emphasis added.] Oregon courts have held that one who acts as a "consultant" with respect to building projects, even if the consultant does no hands-on work, qualifies as a builder under this statute. Remodeling Consultants, Inc. v. Builders Board, 19 Or. App. 794, 528 P.2d 1373 (1974). While it must be said that the record in this case is not altogether clear, the Court infers from the colloquy at the confirmation hearing that the consulting work performed by Mr. Williams generally involves construction of structures, as opposed to being limited to financial or land use aspects of property development. It follows that he qualifies as a builder under Oregon law, and must obtain a license from the Contractors Board unless he qualifies for an exemption.

C. *The "$500" Exemption*

ORS 701.010(4) provides:

> **ORS 701.010 Application.** The Construction Contractors Board may adopt rules to make licensure optional for persons who offer, bid or undertake to perform work peripheral in construction, as defined by administrative rule of the Construction Contractors Board. The following persons are exemption from licensure under this chapter:
>
> * * *
>
> (4) A person working *on one structure or project*, under one or more contracts, when the aggregate price of all of that person's contracts for labor, materials and all other items is less than $500 and such work is of a casual, minor or inconsequential nature. This subsection does not apply to a person who advertises or puts out any sign or card or other device which might indicate to the public that that person is a contractor. [Emphasis added.]

Mr. Williams maintains that he qualifies for an exemption under the foregoing statute.

Page 4 - MEMORANDUM OPINION

The exemption is clearly intended to exclude from the license and bonding requirements individuals who perform casual or day labor on a particular project. As the Trustee points out, Mr. Williams must be working on over 120 projects a year in order to generate the gross sales claimed in his Exhibit D-2. The statute is unclear as to whether a builder may work on multiple projects at the same time and qualify for the exemption. Even assuming that this in itself would not disqualify a builder from claiming the exemption, there is nothing to suggest that Mr. Williams's work is of a "casual, minor or inconsequential nature." If, in fact, he is advising clients on how to develop their property, obtain building assistance, and other fundamental decisions, exactly the opposite is so. Moreover, as the Trustee has pointed out, there is evidence that the Debtor is holding himself out as a contractor.

### III. CONCLUSION

On the evidence before it, the Court concludes that Mr. Williams is a builder under Oregon law, and is not subject to any applicable exemption. It follows that he is required to obtain and maintain a license from the Oregon Construction Contractors Board in order to carry out the business supporting his plan of reorganization. Confirmation of the Debtors' plan of reorganization is denied, without prejudice. The Debtors may, within 90 days of the date hereof:

1) submit a modified plan of reorganization based on a business not requiring a license, or

2) resubmit the existing plan after applying for and receiving a builder's license from the Contractors Board, or

3) resubmit the existing plan along with evidence acceptable to

Page 5 - MEMORANDUM OPINION

the Trustee and the Court that the Debtor has been advised by the Construction Contractors Board, after having submitted to it all relevant particulars concerning Debtor's business, that he is not required to obtain a builder's license.

The foregoing constitutes the Court's findings of fact and conclusions of law. A separate order will be entered consistent with this memorandum opinion.

FRANK R. ALLEY, III
Bankruptcy Judge